# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP JOHN VALENCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:15-cv-00397-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 18, 19) |

Petitioner Lawrence D. Rohlfing ("Counsel"),[1] attorney for Plaintiff Philip John Valencia ("Plaintiff"), filed the instant motion for attorney fees on January 30, 2018. (ECF No. 18.) Counsel requests fees in the amount of $10,000.00 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff has not objected to the request. On February 5, 2018, Defendant Social Security Commissioner filed a statement of non-opposition to Petitioner's motion providing an analysis of the fee request. (ECF No. 19.)

## I.

## BACKGROUND

Plaintiff filed the instant complaint challenging the denial of social security benefits on March 12, 2015. (ECF No. 1.) On March 3, 2016, the Court granted in part and denied in part

---
[1] Plaintiff was represented by the Law Offices of Lawrence D. Rohlfing and Petitioner is requesting that the award of $10,000.00 be payable to the Law Offices of Lawrence D. Rohlfing.

1

Plaintiff's social security appeal and remanded the action for further administrative proceedings. (ECF No. 14.) The Court entered judgment in Plaintiff's favor on March 3, 2016. (ECF No. 15.)

On May 12, 2016, the parties filed a stipulation for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 16.) On May 12, 2016, an order issued awarding Plaintiff attorney fees of $3,500.00 as authorized by 28 U.S.C. § 2412. (ECF No. 17.)

On remand, the ALJ found that Plaintiff was disabled as of January 5, 2010, and past-due benefits were awarded in the amount of $66,583.40.[2] (ECF No. 18-2 at 15, ECF No. 19.) The Commissioner withheld $16,645.85 from the past-due benefits for attorney fees. (ECF No. 19.) This amount equals 25 percent of the retroactive benefit award.

In the instant motion, Petitioner seeks $10,000.00 for 26.1 hours spent working on Plaintiff's case before the Court. (ECF No. 18.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test

---

[2] The Court notes that the Social Security Administration's Notice of Change in Payment appears to indicate that Plaintiff's past-due benefits are $61,482.50. (ECF No. 18-3.) However, Petitioner states that the past-due benefits are $61,785.68. (ECF No. 18.) Defendant indicates that the Social Security Administration confirmed that the past-due benefits are $66,583.40. (ECF No. 19.) The Court will use the amount provided by Defendant. However, the Court notes that the $10,000.00 fee requested by Petitioner would be reasonable if the past-due benefits were any of the three amounts as there is only about a $5,000.00 difference between the highest and lowest amounts.

2

it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. 28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807-808. Here, the fee agreement between Plaintiff and Petitioner provides for a fee consisting of "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (Social Security Representation Agreement, ECF No. 18-1.) Plaintiff has been awarded benefits from June 2011 through May 2017 in the amount of $66,583.40. (ECF Nos. 18-3, 19.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney whose law firm, and specifically, attorney Vijay Patel, secured a successful result for Plaintiff. Although this action does involve six years of

3

1 | backpay, there is no indication that Counsel and his law firm were responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking payment of $10,000.00. This is 15 percent of the backpay award. The $10,000.00 fee is not excessively large in relation to the past-due award of $66,583.40. In making this determination, the Court recognizes the contingent nature of this case and Petitioner's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (ECF No. 18-5.) The log demonstrates that Mr. Patel and a paralegal at Petitioner's law firm spent a total of 26.1 hours on this action. (Id.) When considering the total amount requested by Petitioner, the fee request translates to $383.14 per hour for Petitioner's law firm's services in this action. In Crawford, the appellate court found that a fee of $875.00 and $902.00 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner's law firm performed in representing Plaintiff in court. Petitioner's law firm's representation of Plaintiff resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Counsel also submitted a detailed billing statement which supports his request. (ECF No. 18-5.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner received a prior award of EAJA fees of $3,500.00, so the award of fees under Section 406(b) needs to be offset by $3,500.00.

///
///
///
///
///

## IV.

## ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $10,000.00 is GRANTED; and

2. Petitioner's award shall be offset by $3,500.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **February 27, 2018**

_____
UNITED STATES MAGISTRATE JUDGE